Paul L. BRIGHAM, JR., Executor of
the Estate of Anna C. Ham,
Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 97-2436.

United States Court of Appeals,
First Circuit.

Heard Sept. 16, 1998.

Decided Nov. 12, 1998.

Paul M. Stein with whom Malkasian, Hicinbothem & Mollica, Paul L. Brigham, Jr. and Linette R. LaMountain were on brief for appellant.

Ernest J. Brown with whom Jonathan S. Cohen, Joan I. Oppenheimer, Attorneys, Tax Division, Department of Justice, Loretta C. Argrett, Assistant Attorney General, and Donald K. Stern, United States Attorney, were on brief for appellee.

Before SELYA, Circuit Judge, ALDRICH and COFFIN, Senior Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an action to recover income tax payments that, allegedly, were not due. On cross motions for summary judgment the court ruled for the United States. We affirm.

In 1988 Kendal Ham died leaving a will with several provisions for his wife. Season-

ably she chose, instead, to waive her rights under the will and elect the share of his estate permitted by the New Hampshire statute, N.H.Rev.Stat. Ann. § 560:10, in her case a one-third "portion of the estate remaining after the payment of debts and expenses of administration." In 1990 and 1991 Mr. Ham's executor made payments to Mrs. Ham on account of the principal of her elected share. These payments included amounts equivalent to the total income received by Mr. Ham's estate during those two years. His executor classified these inclusions as "distributable net income" (DNI) pursuant to 26 U.S.C. § 643(a) and claimed a deduction from the estate's gross income pursuant to 26 U.S.C. § 661, which the government allowed. Mrs. Ham, in turn, reported and paid an income tax on the received DNI pursuant to 26 U.S.C. § 662.

Mrs. Ham's executor, plaintiff Paul Brigham, Jr., Esq., now claims it was inappropriate to apply the tax transfer of §§ 661 and 662 to payments in satisfaction of a widow's elective share and that the income tax on Mr. Ham's estate's 1990 and 1991 earnings should not have been passed on. No income tax was required of Mrs. Ham on the portion of the payments that exceeded Mr. Ham's estate's income, *see* 26 U.S.C. § 662(a), but, obviously, to the extent that payments to her were taxable, Mrs. Ham was paid her elected share in funds subject to depreciation through taxes.

■ Unreasonable and unfair as this might seem, plaintiff has an impossible row to hoe here.[1] If a payee within the 26 U.S.C. § 643(c) definition of "beneficiary" receives DNI pursuant to § 661 that is an "other amount properly paid, credited, or required to be distributed to such beneficiary for the taxable year," § 662(a)(2), then she is bound to pay an income tax even if the payment was in satisfaction of a principal obligation.

. Sections 661 and 662 are lengthy. We quote all that is relevant to our facts and question:

§ 661. DEDUCTIONS FOR ESTATES AND TRUSTS ACCUMULATING INCOME OR DISTRIBUTING CORPUS

(a) Deduction

In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate ... the sum of—

. . . .

(2) any other amounts properly paid ... for such taxable year; but such deduction shall not exceed the distributable net income of the estate....

§ 662. INCLUSION OF AMOUNTS IN GROSS INCOME OF BENEFICIARIES OF ESTATES AND TRUSTS ACCUMULATING INCOME OR DISTRIBUTING CORPUS

(a) Inclusion

[T]here shall be included in the gross income of a beneficiary to whom an amount specified in section 661(a) is paid ... the sum of the following amounts:

(1) Amounts required to be distributed currently

. . . .

(2) Other amounts distributed

All other amounts properly paid ... to such beneficiary for the taxable year.

We believe these statutes sufficiently clear as to need no history, but we remark that they are the product of the difficulty (more indicated by portions we do not quote) of tracing the source of distributions from estates with many beneficiaries. *See* S.Rep. No. 83–1622, at 83 (1954), *reprinted in* 1954 U.S.C.C.A.N. 4621, 4715 ("The approach adopted by the bill eliminates the necessity, in determining the taxability of distributions, of tracing such distributions to the income of the estate or trust for the current taxable year."). While the solution may over-simplify, it has never been found beyond the federal taxing power. Obviously the taxpayer must adjust to the government, not the government adjust to accommodate him.

■ Plaintiff, accordingly, claims that Mrs. Ham, as the receiver of a one-third portion of Mr. Ham's estate, was not a "bene-

---

1. He can, of course, negotiate with the other estate.

ficiary" within the meaning of § 662. This contention, however, fails. For definition, 26 U.S.C. § 643(c) provides that "the term 'beneficiary' includes heir, legatee, devisee." The word "elector" (of a spouse's share) does not appear, but "includes" is not limiting. Rather, "[t]he terms 'includes' and 'including' . . . shall not be deemed to exclude other things otherwise within the meaning of the term defined." 26 U.S.C. § 7701(c). In light of this we apply the principle that a list of terms should be construed to include by implication those additional terms of like kind and class as the expressly included terms.[2] Surely the widow has elected to be within the group. In common parlance, is not any person who gratuitously receives estate assets a beneficiary? If there is no will, the widow is an heir, and she receives a portion of the estate as determined by the legislature. If there is a will, she may be a legatee, or she may waive her rights under it and receive a different portion. But, in all cases, on its face, the §§ 661-662 tracing purpose applies precisely.

Plaintiff's remaining argument is that the payments in satisfaction of Mrs. Ham's elective share were not § 662(a)(2) distributions because the elective share is a state law interest not subject to the estate income distribution provisions in §§ 661 and 662. He has found in his favor the case of *Deutsch v. Commissioner of Internal Revenue*, 74 T.C.M. (CCH) 935, 1997 WL 633208 (1997) (holding that the Florida elective share is not subject to the entire Subchapter J, 26 U.S.C. §§ 641-692). We disagree fully.

The *Deutsch* court would draw comparisons between elective shares and the Florida dower. Assuming that Florida dower may be exempt, which we may doubt, this would be because it is directly involved with real estate title which, like jointly owned property may, in a technical sense, not pass through the estate, a claim that plaintiff here cannot make. By definition, Mrs. Ham received "a portion of the estate." Next, standing with one foot on the dower concept, *Deutsch* reasons that in enacting a provision for elective shares the state was protecting the interests of its widows. Passing the fact that $800,000 is a good deal of protection, the proposition that, simply by fiat, a state may preserve its citizens from federal taxes is absurd. The list of exclusions in 26 U.S.C. § 663 clearly does not exclude an elective share, and we note that the Treasury Regulations expressly deny exclusion even to a widow's temporary allowance.[3]

Plaintiff's appeal is without merit.

---

**2.** This follows from the canon noscitur a sociis, "a word is known by the company it keeps." *Neal v. Clark*, 95 U.S. 704, 708–09, 24 L.Ed. 586 (1877).

**3.** *See* Treas. Reg. § 1.662(a)–3(b)(6) (including in § 662(a)(2) distributions "an amount required to be paid during the taxable year pursuant to a court order or decree or under local law, by a decedent's estate as an allowance or award for the support of the decedent's widow or other dependent for a limited period during the administration of the estate. . . .").